IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-071-RAW |
| ) | |
| NICK ALLEN MABRAY, ) | |
| ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the court is the motion of the defendant Nick Allen Mabray to dismiss, suppress evidence and impound evidence. The government has responded (#139). Defendant asserts that, while he was incarcerated at the Okmulgee County Jail from August 27, 2021 until September 2, 2021, he made five calls to his then-attorney Brian Duke which were recorded. The government produced the recorded calls in discovery to new counsel and to co-defendants' counsel.

Movant argues that this conduct violates his Sixth Amendment right to effective assistance of counsel and his Fifth Amendment right to remain silent. He argues that the evidence should be impounded but that this is an insufficient remedy. Therefore, in addition, he asks the court to dismiss the indictment. Still further, movant asserts that the prosecutor has improperly offered plea deals to the other co-defendants which include a condition that the co-defendants not testify for the defense should movant proceed to trial.

A defendant establishes a Sixth Amendment violation if (1) the government

knowingly intruded into the attorney-client relationship, and (2) the intrusion demonstrably prejudiced the defendant, or created a substantial threat of prejudice. *United States v. Sawatzky,* 994 F.3d 919, 923 (8th Cir.2021). The remedy for a Sixth Amendment deprivation should be tailored to the injury suffered from the constitutional violation. *Id.*

On the present record, the court is not persuaded that movant has met his burden of proof as to either prong. "The recording, or even monitoring, of a prisoner's phone calls with his defense counsel does not necessarily violate the Sixth Amendment." *McCoy v. Kansas Dept. of Corr.,* 2017 WL 3453399, *4 (D.Kan.2017). The government represents that the jail had a two-track system: calls from the cell pod would be recorded, but calls to a prisoner's attorney could be made on a special non-recorded phone in a private room. The calls from the cell pod phone were prefaced with a warning that the call was being recorded.

The government asserts: "Mabray made a conscious choice to disregard the protocols set up to place a call on a private non-recorded line." (#139 at page 6 of 12 in CM/ECF pagination). No affidavit or evidence contradicts this assertion. In *United States v. Hatcher,* 323 F.3d 666 (8th Cir.2003), the court stated: "Because inmates and their lawyers were aware that their conversations were being recorded, they could not reasonably expect that their conversations would remain private. The presence of the recording device was the functional equivalent of the presence of a third party." *Id.* at 674. The government also represents that a call from the jail pod was necessarily made in the presence of other inmates, and thus subject to being overheard.

It appears the Tenth Circuit has adopted a similar view in an unpublished opinion. "Mr. Robinson raises related claims that his Fifth and Sixth Amendment rights were violated through the monitoring of his . . .conversations with legal counsel.  Because we have determined these calls at issue were placed on the [prison's internal] system, and thus were calls that may be recorded or monitored, the district court properly dismissed these claims." *Robinson v. Gunja,* 92 Fed.Appx. 624, 627 (10th Cir.2004).  Regarding the Fifth Amendment, the government notes that there is no indication of compulsion as to any statement defendant allegedly made.

As to prejudice, the prosecutor asserts: "Counsel for the government has not listened to any phone calls between the defendant and his attorney."  (#139 at page 8 of 12). Additionally, he asserts he has removed himself from any access to the calls and that a filter team has been put in place.  (*Id.* at page 3 of 12).   Moreover, he asserts he has no intention of using any of the calls in the trial.  *(Id.* at page 9 of 12).  Of course, information from a phone call can be "used" by a prosecutor short of introducing the call as trial evidence, but the present record does not reflect any contradiction to these assertions.

Finally, the prosecutor denies that the pertinent plea offers contained a non-testify requirement.  Again, no affidavit or testimony has been presented indicating the need for an evidentiary hearing.

3

It is the order of the court that the motion of the defendant to dismiss, suppress evidence, and impound evidence (#126) is denied.

**ORDERED THIS 21st DAY OF FEBRUARY, 2023.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma